[859 NYS2d 659]

In the Matter of EDWARD W. DONNELLY (Admitted as EDWARD WARREN DONNELLY), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, May 13, 2008

APPEARANCES OF COUNSEL

*Gary L. Casella*, White Plains (*Eddie Still* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

By decision and order on motion of this Court dated December 28, 2007, as amended January 3, 2008, (1) the respondent was suspended from the practice of law, pursuant to 22 NYCRR 691.4 (l) (1) (i), (ii) and (iii), upon a finding that he was guilty of misconduct immediately threatening the public interest, in that he failed to cooperate with the lawful demands of the Grievance Committee for the Ninth Judicial District (hereinafter the Grievance Committee), based upon substantial admissions he made under oath that he committed acts of professional misconduct, and upon other uncontroverted evidence that he neglected various client matters; (2) the Grievance Committee was authorized to institute and prosecute a disciplinary proceeding against him based upon the allegations set forth in a petition dated October 5, 2007, which was served on the respondent, along with a copy of the order to show cause; (3) the respondent was directed to answer the petition; and (4) the issues raised by the petition and any answer interposed thereto were referred to Cary M. Tanzman, Esq., as Special Referee to hear and report.

The Grievance Committee now moves for an order imposing discipline upon the respondent based upon his failure to file an answer within 20 days of his receipt of the petition, deeming the charges against him to be established, and striking his name from the roll of attorneys and counselors-at-law.

The petition contains five charges of professional misconduct against the respondent: (1) failure to answer the Grievance Committee's complaint of professional misconduct; (2) neglect of a legal matter entrusted to him; (3) making false and misleading statements to his client on multiple occasions concerning filings allegedly submitted to the court and work allegedly performed when none had, in fact, been submitted or performed; (4) failure to refund a fee paid by a client in advance that had not been earned; and (5) failure to provide a statement of client's rights and responsibilities and a written retainer agreement to a client in a domestic relations matter. The petition was annexed to the order to show cause seeking the respondent's interim suspension, both of which

were served on the respondent on October 16, 2007. On January 11, 2008, the respondent was personally served with a copy of this Court's decision and order on motion dated December 28, 2007, as amended January 3, 2008, suspending him from the practice of law pending further order and authorizing the institution and prosecution of a disciplinary proceeding.

The respondent's answer to the charges contained in the petition should have been served and filed on or before January 31, 2008. However, the respondent failed to serve an answer to the petition as directed by the Court or seek an extension of time in which to do so.

Accordingly, the Grievance Committee's motion is granted, the charges in the petition are deemed established and, effective immediately, the respondent is disbarred on default and his name is stricken from the roll of attorneys and counselors-at-law.

PRUDENTI, P.J., RIVERA, SPOLZINO, SKELOS and FISHER, JJ., concur.

Ordered that the petitioner's motion is granted upon the respondent's default; and it is further,

Ordered that, pursuant to Judiciary Law § 90, effective immediately, the respondent, Edward W. Donnelly, admitted as Edward Warren Donnelly, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Edward W. Donnelly, admitted as Edward Warren Donnelly, shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, the respondent, Edward W. Donnelly, admitted as Edward Warren Donnelly, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Edward W. Donnelly, admitted as Edward Warren Donnelly, has been issued a secure pass

by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).